## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON  DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Case No. 1:12CR00044 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| WILLIAM "BILL" F. ADAMS, JR., | ) | By:  James P. Jones |
| ET AL., | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; Timothy J. LaFon, Ciccarello, Del Giudice & LaFon, Charleston, West Virginia, for Defendant William "Bill" F. Adams, Jr.; and Michael A. Bragg, Bragg Law, Abingdon, Virginia, for Defendant John B. Ward.*

The defendants, William "Bill" F. Adams, Jr. ("Adams") and John B. Ward ("Ward"), have each moved for a stay of sentence and a continuation of their release pending appeal.  For the following reasons, I will deny the defendants' motions.

### I.

The Federal Rules of Criminal Procedure provide that a sentence of imprisonment must be stayed if an appeal is taken and the defendant is released pending disposition of the appeal.  Fed. R. Crim. P. 38(b)(1).  The Federal Rules of Appellate Procedure provide that the decision regarding release must be made in

accord with the applicable provisions of the Bail Reform Act.  *See* Fed. R. App. P.

9(c).  That Act provides, in pertinent part, that the court:

> [S]hall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> (A)  by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and
>
> (B)  that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> > (i)  reversal,
> >
> > (ii)  an order for a new trial,
> >
> > (iii)  a sentence that does not include a term of imprisonment, or
> >
> > (iv)  a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

While I am able to make the requisite finding contained in subsection (A) of § 3143(b)(1), I cannot find that the appeal raises a substantial question of law or fact, as required in subsection (B).  In this context, a "substantial question" is "'a "close" question or one that very well could be decided the other way.'"  *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991) (quoting *United States v.*

*Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)).  Whether a question is substantial is decided on a case-by-case basis.  *Id.*

In this case, Adams and Ward were convicted by a jury in a joint trial of conspiring to commit tax fraud and illegal structuring of currency transactions. They were also convicted of multiple counts of structuring.  Their convictions were based on a check cashing scheme involving coal mining companies and mine supply businesses located in Virginia and West Virginia.  Each defendant was sentenced on February 26, 2105, to 36 months of imprisonment, sentences below their applicable advisory guideline ranges for reasons stated on the record.  They were allowed to self-report to prison.  Both defendants have filed notices of appeal.

Based on the defendants' motions,[1] their forthcoming appeals will raise arguments analogous to those that were rejected in their earlier motions for judgment of acquittal or, alternatively, for new trial.  First, Adams asserts "that as a matter of law, the Government presented evidence of multiple conspiracies (as opposed to a single conspiracy as required by law) that as applied to [Adams] a reasonable jury could not have concluded."  (Mem. of Law in Supp. of Def.'s Mot. for Stay of Sentence and Continuation of Release Pending Appeal 4, ECF No. 462.)  In essence, Adams asserts that the evidence presented at trial was

---

[1]   Adams filed a memorandum of law in support of his motion for a stay of sentence and continuation of release pending appeal; however, Ward did not.  The basis for Ward's motion is limited to the discussion contained in his one-page filing.

insufficient to support his conviction for participation in a single conspiracy. Second, Adams asserts that there was insufficient evidence to convict him of the substantive structuring charges.[2]  Similarly, Ward challenges the sufficiency of the evidence for purposes of his conspiracy and structuring convictions.[3]  However, for the reasons provided in my opinion denying the defendants' motions for judgment of acquittal or, alternatively, for new trial, the sufficiency issues identified by the defendants do not present a "substantial question of law or fact" that justify their release pending appeal.  18 U.S.C. § 3143(b)(1)(B).

For example, regarding the conspiracy issue, the court previously stated that "[t]he defendants' argument challenges the sufficiency of the evidence supporting the jury's verdict that each defendant was a member of the same conspiracy," as

---

[2]  More specifically, Adams' brief states that his "appeal shall also include the argument that the record did not support any evidence as to Counts 32–37 and 38–48 of the indictment and therefore a judgment of acquittal should have been entered.  (Mem. of Law in Supp. of Def.'s Mot. for Stay of Sentence and Continuation of Release Pending Appeal 4, ECF No. 462.)  The "Counts" referenced by Adams in his brief are the substantive structuring charges.  It should be noted that Counts 34 and 38 were not charged to the jury.  Furthermore, the jury found Adams not guilty of Counts 37 and 39.

[3]  Ward's Motion states, in part, that "[h]e respectfully suggests that there is a substantial likelihood that error was committed, as addressed in his Motion for Acquittal and New Trial, and that a reversal is likely."  (Mot. for Continuation of Release on Bond Pending Appeal 1, ECF No. 466.)  Ward's primary argument for purposes of his motion for acquittal, or alternatively a new trial, was his assertion that the evidence was not sufficient to support the conspiracy and structuring convictions.  In addition, he also incorporated Adam's "argument that the Court excluded testimony of a forensic accountant which would have responded to testimony of Kermit Wiley."  (Mot. for J. of Acquittal or, in the Alternative, New Trial 1, ECF No. 433.)   I previously addressed the latter argument in denying the defendants' motions for acquittal or new trial.

opposed to multiple conspiracies. *United States v. Adams*, No. 1:12CR00044, 2014 WL 4312073, at *10 (W.D. Va. Sept. 2, 2014). In this case, however, the defendants received a multiple-conspiracy jury instruction, yet the jury returned a verdict for a single conspiracy.

In assessing whether the evidence was sufficient to support this verdict, "the court must determine whether there is substantial evidence to support the conviction when viewed in the light most favorable to the government." *Id.* at *12 (citing *United States v. Strayhorn*, 743 F.3d 917, 921 (4th Cir.), *cert. denied*, 134 S. Ct. 2689 (2014)). This creates a "heavy burden" for the defendants to overcome. *Adams*, 2014 WL 4312073 at *13 (quoting *United States v. Engle*, 676 F.3d 405, 419 (4th Cir.), *cert. denied*, 133 S. Ct. 179 (2012)).

As previously held, there was sufficient evidence presented at trial that the jury reasonably could have found that the defendants participated in the single conspiracy charged. In short, the trial included evidence of the defendants' relationships with other participants in the conspiracy and their personal involvement in the check cashing scheme. For these reasons, I find that the defendants' arguments remain unpersuasive regarding the sufficiency of the evidence supporting their conspiracy convictions.

Similarly, regarding the structuring issue, I previously noted that, "[w]hoever commits an offense against the United States or aids, abets, counsels,

commands, induces or procures its commission, is punishable as a principal," and "[w]hoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."  18 U.S.C. § 2.  Therefore, "even if the defendants did not make the structured withdrawals of cash themselves, their procurement of the cash providers to do so for them makes them equally culpable."  *Adams*, 2014 WL 4312073, at *14.

Applying this standard, I previously concluded that there was sufficient evidence for a reasonable jury to find the defendants guilty of structuring, including evidence that (1) the defendants' companies issued checks in sums matching the structured withdrawals, (2) other members of the conspiracy knew of the reporting requirements, and (3) the defendants made efforts to hide the manner in which they obtained cash.  Moreover, the jury could have convicted the defendants based solely on the structuring activities of their coconspirators.  *See Pinkerton v. United States*, 328 U.S. 640, 645 (1946).  In short, I remain convinced that there was sufficient evidence to support the jury's structuring verdicts.

## II.

For the foregoing reasons, I do not find that there is a substantial question on appeal that would allow me to stay the defendants' sentences and permit their release pending appeal.  Accordingly, it is **ORDERED** that Defendant William

"Bill" F. Adams, Jr.'s Motion for Stay of Sentence and Continuation of Release Pending Appeal (ECF No. 461) and Defendant John B. Ward's Motion for Continuation of Release on Bond Pending Appeal (ECF No. 466) are DENIED.

ENTER:   March 5, 2015

/s/  James P. Jones
United States District Judge