# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:12CR00044-1 |
| v. | ) **OPINION** |
| | ) |
| WILLIAM "BILL" F. ADAMS, JR., | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States; William "Bill" F. Adams, Jr., Pro Se Defendant.*

The defendant, William "Bill" F. Adams, Jr., has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence. The United States has filed a Motion to Dismiss and Adams has responded. After reviewing the record and considering the arguments of the parties, I will grant the United States' Motion to Dismiss and deny Adams' § 2255 motion.

I.

On August 19, 2013, Adams and four codefendants were charged in a Third Superseding Indictment for various crimes related to a business scheme to avoid payment of taxes. Adams was charged with one count of conspiracy to impede the collection of taxes and engage in structuring, in violation of 18 U.S.C. §§ 371, 5324(a)(3), and fifteen counts of structuring, in violation of 31 U.S.C. §

5324(a)(3). Adams proceeded to trial along with three of his codefendants. After a 12-day trial, the jury found Adams guilty of the conspiracy charge and 13 of the illegal structuring transaction charges. The jury also found another codefendant, John B. Ward, guilty of most of the charges against him, including the conspiracy charge and multiple illegal structuring transaction charges. The jury acquitted the two other codefendants of all charges.

I sentenced Adams to 36 months incarceration on each count to be served concurrently. In addition, I sentenced him to two years' supervised release on each count, to run concurrently.

Adams appealed, arguing that there was insufficient evidence both that he participated in the conspiracy and that the actions of Ward, his coconspirator, were reasonably foreseeable to him, such that he should be held accountable for Ward's conduct in furtherance of the conspiracy. *United States v. Adams*, 638 F. App'x 189 (4th Cir. 2016) (unpublished). The Fourth Circuit affirmed the underlying conviction and sentence. *Id*. at 195.

Adams thereafter filed the present § 2255 motion arguing that he received ineffective assistance because his counsel had failed to move for a severance of the trial from Ward. § 2255 Mot. 4, ECF No. 538. Adams has been released from custody and is currently serving his two-year term of supervised release. Accordingly, his § 2255 motion is not moot. *United States v. Pregent*, 190 F.3d

279, 283 (4th Cir. 1999) (noting that a defendant "on supervised release is considered to be 'in custody' for purposes of a § 2255 motion").

II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his or her sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Adams bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Adams argues that he received ineffective assistance because counsel failed to file a motion requesting that he be tried separately from the rest of his codefendants. More specifically, Adams claims that because he was tried with codefendants, he was not able to present exculpatory evidence, namely a phone log showing that he did not receive phone calls from certain individuals involved in the fraud; he was not able to call codefendant Ward to testify in his defense; and he was implicated by association because the government's main witness never mentioned or identified Adams.

This claim lacks merit. Adams cannot establish that counsel either provided deficient performance or that he suffered prejudice from counsel's actions. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

First, counsel's decision not to make a motion for severance was "reasonable considering all of the circumstances." *Id*. at 688. The Supreme Court has established that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States,* 506 U.S. 534, 537 (1993); *United States v. Najjar,* 300 F.3d 466, 473 (4th Cir. 2002). Joinder of defendants is highly favored in conspiracy trials, such as the present case. *United States v. Chorman,* 910 F.2d 102, 114 (4th Cir. 1990); *see also United States v. Ford,* 88 F.3d 1350, 1361 (4th Cir. 1996) ("For reasons of efficiency and judicial economy, courts prefer to try joint-conspirators together.").

A case should be severed only when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro,* 506 U.S. at 539. For a court to sever a trial, the defendant must "establish that actual prejudice would result from a joint trial, and not merely that a separate trial would offer a better chance of acquittal." *United States v. Reavis,* 48 F.3d 763, 767 (4th Cir. 1995) (internal citations, quotation marks, and alteration omitted). Because the evidence presented at trial dealt with the conspiracy, and even if the evidence

was weighted more heavily against his codefendants, counsel did not provide deficient performance by failing to argue for severance. *Sharpe v. Bell*, 593 F.3d 372, 383 (4th Cir. 2010) (concluding that counsel's failure to raise an argument without a basis in law did not constitute ineffective assistance of counsel).

Moreover, counsel is provided with wide latitude to determine how best to represent a criminal defendant. *Strickland*, 466 U.S. at 689. This includes "set[ting] priorities, determin[ing] trial strategy, and press[ing] those claims with the greatest chances of success." *United States v. Mason*, 774 F.3d 824, 828 (4th Cir. 2014). Deciding whether to request a severance is just such a trial strategy.

In addition, Adams cannot establish that he suffered prejudice from counsel's representation as he cannot show that absent any potential errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Although I did not allow Adams to present to the jury a telephone log showing that he did not talk to particular witnesses who ran the fraudulent scheme, the government did not present evidence that he did talk to the individuals in question; accordingly, admission of the evidence would not have changed the outcome of his case. While Adams claims that Ward would have testified on his behalf had his trial been severed, he presents no evidence to suggest that Ward would have done so. Adams argues that the evidence against him was minimal but because the government had overwhelming evidence against his codefendants, he suffered

from a "spillover effect" and "guilt by association." Mem. Supp. § 2255 Mot. 31, ECF No. 538-1. However, I instructed the jury to "give separate consideration to each crime charged against each defendant" and that a verdict of guilty or not guilty for one defendant "should not, in any way, affect your verdict regarding any other defendant." Final Jury Instr. 19, ECF No. 377. "[J]uries are presumed to follow their instructions." *Richardson v. Marsh*, 481 U.S. 200, 211 (1987). It is clear from its verdicts that the jury heeded my instructions, and considered every defendant and the evidence against each of them separately. The jury acquitted two defendants outright and acquitted Adams and Ward on some of the structuring transaction counts.

Finally, Adams argues that the evidence does not support his conviction and that he is actually innocent. However, this claim was considered and rejected by the Fourth Circuit on direct appeal. *See Adams*, 638 F. App'x at 191-93 (reviewing the evidence presented at trial and concluding that it was sufficient to support both Adams' conspiracy and structuring convictions). A defendant may not successfully collaterally attack an issue that has already been decided on direct appeal without demonstrating an intervening change in law, which Adams does not — and cannot — do. *United States v. Roane*, 378 F.3d 382, 396 n.7 (4th Cir. 2004) (indicating that because the defendant's claims were "already addressed and rejected on direct appeal," and no change in the law warranted reconsideration, the

district court correctly held that the defendants "cannot relitigate these issues" through asserting them in a § 2255 motion).

III.

For these reasons, I will grant the United States' Motion to Dismiss and dismiss the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  A separate order will be entered this day.

           DATED:   February 26, 2018

           /s/  James P. Jones
           United States District Judge